UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Sweno,

Plaintiff,

v.

Liberty Mutual Insurance,

Defendant.

Civil No. 02-376 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Brian A. Thompson, for Plaintiff.
Stephen P. Lucke & Kevin C. Braley, for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on May 24, 2002, on Plaintiff's Motion to Remand to State Court [#5]. This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636. For the reasons which follow, this Court will recommend that Plaintiff's motion be denied.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Defendant, Liberty Mutual Insurance ("Liberty" or "Defendant") issued a Long-Term Disability insurance policy to Plaintiff, James Sweno ("Mr. Sweno" or Plaintiff"). Plaintiff has been employed with Sunshine Biscuits, Inc. as a sales representative, since November 5, 1964. In February 1994, Plaintiff began receiving long-term disability benefits.

On July 2, 2001, Defendant terminated Plaintiff's disability benefits.

## II. PROCEDURAL HISTORY

In January 2002, Plaintiff commenced this action in state court in Anoka County, Minnesota. Following Minnesota state court rules, Plaintiff served the Defendant by mail. Defendant received

the Summons and Complaint on January 3, 2002. Defendant's attorney signed an acknowledgment of service on January 11, 2002, but did not mail it until January 23, 2002. Twenty days later, on February 13, 2002, Defendant filed its Notice of Removal to federal court. The Remand Statute requires that the Notice of Removal be filed within 30 days after receipt, "through service or otherwise," of the Complaint by the Defendant.

The issue presented here is whether the 30 days began to run on January 11, 2002 (the date Defendant's lawyer signed the acknowledgment) or on January 23, 2002 (the date the acknowledgment was signed). If the 30 days began to run on the earlier date, Defendant's Notice of Removal was untimely and the Plaintiff's motion to remand must be granted. If the time period did not begin to run until the later date, then Defendant's Notice was timely and Plaintiff's motion must be denied.

## II. CONCLUSIONS OF LAW

### A. Service was not Complete Until Defendant's Attorney Mailed the Acknowledgment

Title 28 U.S.C. §1446(b) provides that:

> "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based .... If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

In Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), the U.S. Supreme Court held that an individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. The

Court said:

> "We hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service *or otherwise*,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."

(Emphasis added.) Id. at 348.

According to the plain language of Minn.R.Civ.P. 4.05, service acknowledged by mail is ineffective if the sender does not receive the acknowledgment form within the time required by the rules, in this case 20 days. See Minn.R.Civ.P. 4.05.

Here, Defendant properly submitted itself to the jurisdiction of the Court by signing the acknowledgment form and mailing it within the time prescribed by the rule. It is at this point the Defendant became committed to the litigation.

**B. The Remand Here was Timely**

Before the Supreme Court's decision in Murphy Brothers, Inc., there was considerable confusion over the meaning of the phrase "receipt by the Defendant, through service or otherwise." See Id. This Court concludes that under the holding in Murphy Brothers, Inc., the 30 days described in Section 1446 does not begin to run until service is complete. As service was not complete until January 23, 2002, (the mailing of the acknowledgment) the Notice of Removal was timely filed on February 13, 2002. As the Notice of Removal was filed within the prescribed thirty days, Plaintiff's motion to remand must be denied.

## IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand to State Court [#5] be **DENIED**.

DATED: July 26, 2002

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.